*1023 OPINION.
Trammell:
With respect to the inventory adjustment, the petitioner, both at the beginning and the end of 1919, took a straight 5 per cent discount in taking the inventory and reducing the inventory by that amount, representing the average of the cash discounts. The pleadings do not raise any issue with respect to whether the petitioner correctly determined the cost of goods except with respect to the discounts. This being true, the question to be determined is whether the cost of goods is properly and accurately determined by deducting from the invoice price the average discount of 5 per cent.
We are not now concerned with the question of the value of the goods or whether that value was greater or less than cost, that question not having been raised. It is a question of fact as to whether the 5 per cent discount deducted from the inventory substantially reduces the invoice price of the goods to the actual cost paid. The system used by the petitioner both at the beginning and at the end of 1919 was consistent and in accordance with its practice since 1901. From the petitioner’s actual experience and from tests made by the revenue agents, it appears that the average discount of 5 per cent is substantially and to all practical purposes correct.
We are, therefore, of the opinion that both the opening and closing inventories for 1919 should be determined by reducing the invoice price of goods by 5 per cent representing the discounts thereof.
With respect to the second issue, that is, the claimed deduction of the amount of $5,729.55, paid to attorneys for services in connection with the organization and refinancing of the petitioner corporation, we have heretofore decided that such expenditures are not deductible. Logan-Gregg Hardware Co., 2 B. T. A. 647; First National Bank of St. Louis, 3 B. T. A. 807; Emerson Electric Manufacturing Co., 3 *1024 B. T. A. 932; Holeproof Hosiery Co., 11 B. T. A. 547; Clarence Whitman & Sons, Inc., 11 B. T. A. 1192.
With respect to the remaining issue, that is, the so-called commission in the sale of petitioner’s preferred stock, it is our opinion that this so-called commission can not be included in invested capital. In the case of the Simmons Company, 8 B. T. A. 631, we held that a commission paid in the sale of the corporation’s own stock can never serve to increase invested capital. Conceding, for the sake of argument but not deciding, that the petitioner paid a commission of $50,000, it could not be included in invested capital.
With respect to the alternative contention of the petitioner that the amount of $50,000, representing the difference between the amount it received for its first preferred stock and the amount at which the stock was sold to the public should be allowed as deductions from income over the five-year period, that is, said amount should be spread over the different years up until the corporation ceased business, it is our opinion that such deductions are not allowable. Charles H. Lilly Co., 2 B. T. A. 1058; Emerson Electric Manufacturing Co., supra; Simmons Company, supra.

Judgment will be entered wnder Rule 50.